# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SANDRA J. GARDNER,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:03-CV-1469-RDP |
| } | |
| **ANTHONY J. PRINCIPI, Secretary,** } | |
| **Department of Veterans Affairs,** } | |
| } | |
| Defendant. } | |

## **MEMORANDUM OPINION**

**I.    INTRODUCTION**

This case is before the court on Defendant's Motion to Dismiss and Renewed Motion for Summary Judgment (Doc. #45) filed on March 15, 2005.[1] On April 5, 2005, Plaintiff filed her opposition to Defendant's Motion to Dismiss and Renewed Motion for Summary Judgment. (Doc. #56; Doc. #57; Doc. #58). Defendant filed his reply on April 7, 2005. (Doc. #59). Plaintiff responded to the reply on April 11, 2005. (Doc. #60). In its order advising Plaintiff about the requirements and standards relating to a Rule 56 motion, the court indicated that the dispositive motion would be under submission as of April 18, 2005. (Doc. #48).

After studying the parties' filings, the court finds that there are no material facts and that Defendant is entitled to judgment as a matter of law. Accordingly, Defendant's Renewed Motion for Summary Judgment is due to be granted.

---

[1] In a prior ruling, the court entered an order indicating that it had "serious reservations" about the viability of Plaintiff's claims, but denying without prejudice Defendant's initial Motion for Summary Judgment "out of an abundance of caution" and requiring Plaintiff to file an amended complaint. (Doc. #40). Plaintiff's amended complaint, filed on January 28, 2005, is the subject of Defendant's Renewed Motion for Summary Judgment. (Doc. #43).

II.   STATEMENT OF FACTS[2]

    A.   **Administrative Background to Current Case**

Defendant bases its motion for summary judgment on the defenses of *res judicata*, collateral estoppel, claim preclusion, issue preclusion, and untimeliness. In light of these theories, the critical facts on summary judgment do not turn as much upon the substance of the allegations, but rather upon the timing of when the allegations arose relative to other pieces of litigation involving the parties. Accordingly, the following statement of facts focuses on the time line of a number of administrative and judicial actions Plaintiff has filed against the Department of Veterans Affairs and its agents, and it is necessary for the court to provide some details about these administrative and judicial actions.

On February 2, 2000, Plaintiff submitted a formal administrative EEO complaint dated February 1, 2000, and identified in the agency[3] proceeding as #2001-2177. (AF No. 1). On July 21, 2000, Plaintiff submitted another formal administrative EEO complaint dated July 20, 2000, and identified in the agency proceeding as #2001-2576. (AF No. 2). In a letter dated September 18, 2000, and sent by the Department of Veterans Affairs, Office of Resolution Management, Plaintiff was notified that the above EEO complaints had been consolidated for joint administrative processing (AF No. 3), and was also advised which issues were accepted for investigation. (AF No. 3). As part of the combined administrative proceedings, Plaintiff provided affidavit testimony which

---

    [2]The court derived this set of facts from studying Defendant's Renewed Submission in Response to Exhibit A of the Court's Standing Order (Doc. #46) and Plaintiff's various opposition papers. The court deems these facts as admitted by Plaintiff because she has failed to present a material factual dispute as to them and, because of their administrative or adjudicatory nature, they are facts of which this court may take judicial notice. The acronym "AF" stands for admitted fact.

    [3]The term "agency" or "Agency" refers to the Department of Veterans Affairs.

addressed the claims made in those cases. (AF No. 4). On July 9, 2001, a Final Agency Decision[4] was issued in the consolidated cases. (AF No. 5). That decision was adverse to Plaintiff. (AF No. 5). Plaintiff appealed the Final Agency Decision to the EEOC and subsequently filed a request for reconsideration with the EEOC Office of Field Operations. (AF No. 6.1). The EEOC Office of Field Operations issued a final decision dated March 18, 2003, concerning the appeal and request for reconsideration, which was unfavorable to Plaintiff. (AF No. 6.2).

    **B.**    **Administrative Action Before Judge Vincent**[5]

On November 7, 2000, Plaintiff submitted a formal administrative EEO complaint dated November 5, 2000, and identified in the agency proceeding as #2001-2572. (AF No. 7). In a letter dated January 2, 2001, and sent by the Department of Veterans Affairs, Office of Resolution Management, Plaintiff was notified which issues in the above referenced EEO complaint that had been accepted for investigation. (AF No. 8). Plaintiff requested a hearing before an EEOC administrative law judge as part of the agency proceeding in #2001-2572. (AF No. 9). EEOC Administrative Law Judge Jill Lolley Vincent issued a decision on May 8, 2002 finding that the agency had discriminated against Plaintiff and recommending compensatory and equitable relief. (AF No. 10). The Final Agency Order, issued on June 12, 2002, adopted the decision by Judge Vincent. (AF No. 11).

In the June 12, 2002 Final Agency Decision, Plaintiff was advised of her right to appeal to the EEOC's Office of Federal Operations within thirty (30) days of receipt of the ruling or

---

[4] The term "Final Agency Decision" or "Final Order" refers to the final agency action taken by the Department of Veterans Affairs.

[5] The administrative case style for the EEOC proceeding that was before Judge Vincent is: *Sandra J. Gardner v. Anthony J. Principi*, EEOC #130-A2-8032-X.

alternatively to file a civil action in district court within ninety (90) days of its receipt. (AF Nos. 12-13). Plaintiff did not timely appeal Judge Vincent's decision, and the Office of Federal Operations dismissed the appeal as untimely. (AF Nos. 14-15). In accordance with the Final Agency Decision, the agency paid Plaintiff $20,000.00 and afforded her the other applicable relief. (AF No. 16).

### C.   Administrative Dismissal of Case #2001-2958

Plaintiff submitted another formal EEO complaint, dated February 2, 2000, in the agency proceeding of #2001-2958. (AF No. 16).[6] Plaintiff amended her complaint, and by letter dated May 21, 2001, the agency accepted Plaintiff's complaint for investigation and set out the issues raised by Plaintiff in the proceeding. (AF No. 17). During the administrative process, agency case #2001-2958 was consolidated into case #2001-2572. (Doc. 46 at 10 n.8). Also, Plaintiff provided affidavit testimony which addressed the claims made in case #2001-2958. (AF No. 20). In her May 8, 2002 decision, Judge Vincent stated that the parties agreed that the issues raised in the administrative complaint for case #2001-2958 were the same ones that were also pending in a lawsuit before Judge William M. Acker, Jr., *Hampton v. Secretary, Department of Veteran's Affairs*, 2:01-CV-1536-WMA; therefore, she dismissed case #2001-2958 on that basis. (AF No. 19).

### D.   The *Hampton* Case

On December 1, 2000, Plaintiff along with other co-plaintiffs, initially brought an action in the United States District Court for the District of Columbia against the Secretary of the Department of Veterans Affairs, which related to her employment with the Birmingham Veterans Administration Medical Center. (AF No. 21). On November 23, 2001, after the above action was transferred to this

---

[6]Defendant's brief in support of summary judgment contains two paragraphs that are numbered 16.

court, Plaintiff filed her first amended complaint. (AF No. 22).

Thereafter on January 17, 2002, Plaintiff filed her second amended complaint including a "Claim III" that addressed her individual claims against Defendant arising from her employment with Birmingham Veterans Administration Medical Center. (AF No. 23). In her second amended complaint, Plaintiff alleged that she was the subject of reprisal, and race and sex discrimination. (AF No. 24). Plaintiff also alleged that on various dates during the years of 2000 and 2001, Defendant discriminated against her because it: failed to pay her overtime and Sunday premium pay; refused to provide a straight evening tour with set off days; required her to work the remainder of her scheduled tour of duty after approved union training; repeatedly changed her days off when they fell on a holiday; unfairly questioned the amount of work produced; called Plaintiff's personal physician for a second time to verify her work status; refused to pay Plaintiff for sick leave; and charged Plaintiff for union time she had not taken, which reduced the amount of time she had available for authorized absences. (AF No. 25).

In the *Hampton* case, Plaintiff made various filings including "Plaintiff's Objections to The Defendant's Evidentiary Materials, In Support of Summary Judgment; Memorandum In Support of Summary Judgment; and Notice of Default." (AF No. 26). On January 3, 2003, Judge Acker granted summary judgment in favor of Defendant and dismissed Plaintiff's complaint with prejudice. (AF No. 27). Plaintiff appealed Judge Acker's dismissal of the *Hampton* case to the Eleventh Circuit, and on March 23, 2004, the Eleventh Circuit affirmed the dismissal. (AF No. 28).[7]

### III.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper only when there is no genuine issue of material fact and the

---

[7]The Eleventh Circuit issued as mandate its judgment on June 18, 2004.

moving party is entitled to judgment as a matter of law. Fed. R .Civ. P. 56(c). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

**IV.   ANALYSIS**

As noted above, before the filing of this case, Plaintiff asserted claims against Defendant previously in the *Hampton* case. The *Hampton* litigation was a class action filed in the District Court for the District of Columbia that was transferred to this court pursuant to an order signed on March 15, 2001. (*See* 2:01-CV-1536-WMA at Doc. #1). Plaintiff and her co-plaintiffs filed that action on behalf of themselves and "other similarly situated individuals" under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981(a), alleging discrimination claims based on race and sex, and retaliation. (*See* 2:01-CV-1536-WMA at Docs. #21, #30). On January 3, 2003, Judge Acker granted summary judgment in favor of the Secretary, Department of Veteran's Affairs. (*See* 2:01-CV-1536-WMA at Docs. #59-60). The basis for summary judgment was Plaintiffs' numerous untimely, discovery-related motions and requests, defaulted Rule 36 request for admissions, and an attempted fraud on the court.[8]  (*See* 2:01-CV-1536-WMA at Doc. #59).

In a separate proceeding from the *Hampton* case, Plaintiff pursued an administrative action through the EEOC (the "EEOC matter"), and a hearing was held before EEOC Administrative Law Judge Jill Lolly Vincent on March 20, 2002, and April 23, 2002. Judge Vincent rendered a decision

---

[8]The fraud was perpetrated by one of Plaintiff's co-plaintiffs. Nevertheless, the district court dismissed all of the Plaintiffs' claims, at least in part, based upon that fraud. The Eleventh Circuit affirmed that dismissal.

dated May 8, 2002. A Final Order was issued by the agency on June 12, 2002. The Final Order adopted the findings and relief set out by Judge Vincent in her decision, and notified the Plaintiff of her appeal rights regarding that decision. The issues addressed in the EEOC matter were set out by Judge Vincent as follows: whether Plaintiff was subjected to a continuing pattern of harassment from August to October 2000 based on her disability; whether the Plaintiff was subjected to wage disparities because of her sex; and whether the Plaintiff was subjected to a continuing pattern of harassment from October 2000 to April 2001 based on her sex and/or reprisal.[9]

Judge Vincent noted in her decision of the EEOC matter that the Plaintiff "alleged a series of events that subjected [Plaintiff] to harassment based on her disability and/or in retaliation for her having filed a previous EEO action," and noted the harassment and/or retaliatory events included the following: being informed by the Injury Compensation Specialist on August 9, 2000, that she may have to be moved from the IV team; being denied the opportunity to work overtime on August 31, 2000; discovering on September 5, 2000, that she had been charged AWOL on June 28, 2000, June 29, 2000, July 3, 2000, and July 4, 2000; discovering on September 30, 2000, that she had been charged five (5) hours sick leave for September 20, 2000, even though she had worked 3.5 hours; learning on September 22, 2000, of her non-selection for the position of Administrative Support Assistant; having her supervisor fail to meet with Plaintiff and her union representative to discuss the situation from October 16 to 19, 2000; and issuing a written counseling on October 19, 2000, for failure to comply with infection control procedures on September 20, 2000.

---

[9] Judge Vincent noted in her decision that Plaintiff also had (still another) EEO matter, EEOC Case No. 130-A1-8042-X, pending appeal to the Office of Federal Operations, and case number CV 01-AR-1526-S pending in the district court at the time of her May 8, 2002 decision. (Defendant's Exhibit 7, at 7-9). Judge Vincent specifically excluded the issues addressed in CV 01-AR-1526-S from her decision. (Defendant's Exhibit 7, at 8-9).

Judge Vincent also noted in her decision that Plaintiff raised issues regarding equal pay and wage disparities. Judge Vincent ruled in favor of Plaintiff in the EEOC matter regarding certain of her allegations of reprisal and harassment, and ordered the agency to pay Plaintiff compensatory damages in the amount of $20,000.00, as well as to fulfill other equitable relief as set out in her decision.

After the Final Order relating to the EEOC matter was issued on June 12, 2002, the agency paid Plaintiff the $20,000.00 mandated in that Final Order, and afforded Plaintiff the other relief required as evidenced by the documents authenticated by R.T. DeFilippo. (Doc. #31 at Ex. 11). Plaintiff was advised in the Final Order that she could appeal the June 12, 2002 decision to the EEOC, Office of Federal Operations within thirty (30) days of receipt of the decision, or she could file a civil action in district court within ninety (90) days of receipt of the final decision.

Plaintiff did not initiate an appeal to the EEOC, Office of Federal Operations within the designated time frame as set out in the June 12, 2002 Final Order. The Office of Federal Operations, therefore, dismissed as untimely Plaintiff's appeal of the above June 12, 2002 Final Order adopting Judge Vincent's decision. Further, Plaintiff did not initiate this action until June 6, 2003.

### A. *Res Judicata*

Defendant argues that the various doctrines of finality relating to the *Hampton* litigation and the untimely appealed EEOC matter operate to bar Plaintiff from pursuing any claims in this action. His argument is correct. The essential elements of *res judicata* are: (1) the prior judgment must have been rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits in the earlier suit; (3) the parties, or those in privity with them, must be identical in the two suits; and (4) the same cause of action must be involved in both suits. *E.g., Ray v. Tennessee Valley Authority*,

677 F.2d 818, 821 (11th Cir. 1982); *see also, Jang v. United Technologies Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000); *O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1355-56 (11th Cir. 2000); *Ragsdale v. Rubbermaid*, 193 F.3d 1235 (11th Cir. 1999).

Once a court determines that the elements of *res judicata* exist, the defense bars subsequent litigation "not only in respect of every matter which was actually offered and received to sustain demand, but also as to every ground of recovery which might have been presented." *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1141 (5th Cir. 1981); *Commercial Box & Lumber v. Uniroyal, Inc.*, 623 F.2d 371, 373 (5th Cir. 1980).[10]  Additionally, as the Eleventh Circuit held in *Jang,* a Title VII plaintiff may not split his causes of action into separate proceedings, even if he had not obtained a right to sue letter regarding an issue raised in the latter action at the time of the first filing, if the second case "arose from the same nucleus of operative facts and relied upon the same factual predicate" as the facts in the preceding one. *Jang*, 206 F.3d at 1149.

Applying the elements of *res judicata* in this case, Plaintiff asserted claims of discrimination in *Hampton* and Judge Acker dismissed Plaintiff's claims in that case. His order dismissing Plaintiff's claims was upheld by the Eleventh Circuit. Judge Acker granted summary judgment in favor of Defendant and dismissed Plaintiff's case on the merits with prejudice. The parties in the two actions are identical.[11]  Finally, the allegations of this case arise "from the same nucleus of operative facts and relied upon the same factual predicate" as those of the *Hampton* litigation—the

---

[10] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[11] Although in *Hampton* Plaintiff sued along with other co-plaintiffs, that fact is immaterial to the court's analysis.

facts and circumstances surrounding Plaintiff's employment, and claims of discrimination while employed with the Birmingham Veterans Administration Medical Center. Indeed, this common nucleus of operative fact is profoundly illustrated by Plaintiff's statement, in her second amended complaint in this case, that her last day of work with Defendant was on February 25, 2001. (Doc. 43 ¶ 3). This admission is significant because nearly nine months after her last day of employment, on November 23, 2001, Plaintiff filed an amended complaint in the *Hampton* case. In her amended complaint, Plaintiff raised claims of reprisal, and race and sex discrimination, and in support of those allegations, described a series of events that took place during the years 2000 and 2001. (2:01-CV-1536-WMA at Doc. #21 ¶¶ 35-45). A review of those allegations shows they are the same assertions that she makes against Defendant in this lawsuit. (Doc. #43 ¶¶ 13-26). In addition, approximately three months later, and close to the elapse of one year from her final day of work, Plaintiff filed a second amended complaint in the *Hampton* case based upon these same facts. (*See* 2:01-CV-1536-WMA at Doc. #30 ¶¶ 32-42).

      Likewise, the EEOC matter was decided by Administrative Judge Vincent and adopted as a Final Decision by the agency. Judge Vincent ruled in favor of Plaintiff on the merits, at least partially, and ordered payment to her in the amount of $20,000.00 by the agency as well as other relief. Plaintiff's efforts to appeal this decision the EEOC, Office of Federal Operations were untimely, and the appeal was dismissed. The parties are identical, and the allegations of this case arise "from the same nucleus of operative facts and relied upon the same factual predicate" as those of the EEOC matter–the facts and circumstances surrounding Plaintiff's employment with the Birmingham Veterans Administration Medical Center and claims of mistreatment while working there. Accordingly, the elements of *res judicata* are met, and the *Hampton* case and the untimely

10

appealed EEOC matter referenced above bar Plaintiff from pursuing the issues and claims set forth in this action, which she previously raised or could have raised in either prior proceeding.

  **B.**  **Untimeliness of Plaintiff's Appeal for De Novo Review**

Alternatively, to the extent Plaintiff is attempting to seek a de novo review in this case of the issues and claims raised in the untimely appealed EEOC matter, her efforts are untimely and due to be dismissed, even if the doctrine of *res judicata* did not apply. The general framework applicable to a federal employee who requests a hearing before the EEOC is described in the Eleventh Circuit's opinion in *Moore v. Devine*, 780 F.2d 1559 (11th Cir. 1986).

In the EEOC matter, Plaintiff requested and received a hearing before Judge Vincent. Judge Vincent issued a decision on May 8, 2002, and her decision was accepted by the agency with a Final Order issuing on June 12, 2002. Both the decision of Judge Vincent and the Final Order from the agency contained information explaining Plaintiff's appeal rights for a de novo review pursuant to a civil action filed in district court as provided under 29 C.F.R. § 1614.407.[12]

More specifically, under 29 C.F.R. § 1614.407, Plaintiff had ninety (90) days from the date of receipt of the Final Order from the agency to file a complaint in district court. However, Plaintiff did not bring this action until June 6, 2003, which is nearly one full year after the issuance of the Final Order in the EEOC matter. The requirement relating to the time for filing a Title VII action in district court is not jurisdictional, and therefore is subject to waiver, estoppel, and equitable tolling, like any other statute of limitations. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Ross v. U.S. Postal Service*, 814 F.2d 616, 617 (11th Cir.1987) (reversing district court

---

[12]Under 29 C.F.R. § 1614.405, Plaintiff also had the right to appeal the Final Order to the EEOC Office of Federal Operations within 30 days of her receipt of the final agency action. While Plaintiff attempted to file such an appeal, it was rejected as untimely. (Doc. #31 at Exs. 9-10).

for dismissing for lack of subject matter jurisdiction because of untimely filing and citing *Zipes* opinion); *Miller v. Marsh*, 766 F.2d 490, 493 (11th Cir.1985) (applying equitable tolling exception to untimely filing when plaintiff is "'lulled' into pursuing other channels at the expense of her federal court remedy"); *Milam v. United States Postal Service*, 674 F.2d 860, 862 (11th Cir.1982) (recognizing that application of *Zipes* decision means that prior conflicting precedent is no longer good law). However, Plaintiff has not pointed to any evidence in the record that would support the application of an equitable exception which would permit the untimely filing of this case. Accordingly, to the extent that Plaintiff is seeking a *de novo* review of the outcome in the EEOC matter, this litigation is due to be dismissed on the alternative ground that it was untimely filed.

## V.   CONCLUSION

Defendant has met its burden on summary judgment of demonstrating that no material factual disputes exist and that it is entitled to judgment as a matter of law with respect to the defenses of *res judicata*, collateral estoppel, and preclusion. Alternatively, Plaintiff's complaint is due to be dismissed as untimely to the extent that she is seeking a judicial review of the Final Order in the EEOC matter. Accordingly, summary judgment in favor of Defendant is due to be entered, and Plaintiff's complaint is due to be dismissed. The court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this ____22nd____ day of July, 2005.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE